UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIJAH RABELLDE,<br>    Plaintiff,<br>  v.<br>UNITED STATES OF AMERICA,<br>    Defendant. | Case No. 4:17-cv-05031-KAW<br><br>**ORDER REGARDING 3/25/22 JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 134 |

On March 25, 2022, the parties filed a joint discovery letter concerning whether Defendant is permitted to have a late witness added to the witness list and whether fact discovery should be reopened to give Plaintiff the opportunity to depose him. (Joint Letter, Dkt. No. 134.)

Fact discovery closed on November 24, 2021. (Joint Letter at 2.) On June 24, 2021, five months prior to the close of fact discovery, Plaintiff made a supplemental document production, which included a settlement agreement executed by Plaintiff and Lawrence Whitcomb, President of Blackhawk Claims Services, Inc. *Id.* Blackhawk was Plaintiff's former employer. *Id.*

On December 20, 2021, AUSA Douglas Johns filed a notice of substitution of counsel for Defendant. (Dkt. No. 126.) Mr. Johns did not become aware of the settlement agreement listing Mr. Whitcomb as a potential witness until the production of Plaintiff's expert files on January 19, 2022. (Joint Letter at 2.) On February 17, 2022, Mr. Johns reached Mr. Whitcomb, and learned that he had relevant information relating to Plaintiff's damages claims. *Id.* That same day, Mr. Johns contacted counsel for Plaintiff (Mark Allen) by email and disclosed Mr. Whitcomb as a potential witness, explaining that he would formally supplement Defendant's initial disclosures. *Id.* Mr. Allen responded that Plaintiff would object to Mr. Whitcomb as a witness because the disclosure was untimely, that fact discovery closed on November 24, 2021, and that expert

discovery closed on January 21, 2022. *Id.* Mr. Johns responded by offering Plaintiff the opportunity to depose Mr. Whitcomb and offering to stipulate to re-open fact discovery, so Plaintiff could take Mr. Whitcomb's deposition. *Id.*

On February 24, 2022, Mr. Johns served Defendant's Supplemental Initial Disclosures, which listed Mr. Whitcomb as a witness. *Id.* On March 8, 2022, Mr. Allen sent a letter requesting that Defendant strike Mr. Whitcomb as a witness. *Id.* At the March 18, 2022, pretrial meet and confer conference, Plaintiff confirmed that he would not agree to reopen discovery for the limited purpose of taking Mr. Whitcomb's deposition. *Id.* at 3.

On March 21, 2022, Defendant received a document production from Blackhawk, which showed that Mr. Whitcomb is not only a damages witness, but that he has relevant knowledge on issues pertaining to liability and causation. (Joint Letter at 3.) On March 23, 2022, Defendant produced those materials to Plaintiff and again proposed that the parties stipulate to allow the deposition of Mr. Whitcomb. *Id.*

As an initial matter, the fact that Mr. Johns became counsel of record after the close of fact discovery is not grounds for the Government to reopen discovery or to amend its initial disclosures on what is essentially the eve of trial. More importantly, Defendant provides no legal authority in support of this position. The settlement agreement, signed by Mr. Whitcomb, was timely produced during fact discovery. The fact that prior counsel chose not to investigate the Blackhawk angle was a litigation strategy that Mr. Johns and his client must live with. Accordingly, all information obtained from Blackhawk after the close of discovery is EXCLUDED and Mr. Whitcomb is STRICKEN from Defendant's witness list.

If the parties would like to pursue further mediation efforts or obtain a referral for a settlement conference with a magistrate judge, the undersigned is amenable to continuing the trial date by stipulation of the parties. Otherwise, the Court looks forward to receiving the parties' pretrial filings, including those that are due tomorrow, March 29, 2022. The parties are reminded that they must lodge chambers copies of all pretrial filings within one court day of filing, and email Word versions (.docx or .doc) of the motions *in limine*, trial briefs, the joint statement of claims and defenses, proposed findings of fact and conclusions of law, and the joint statement of

1  stipulated facts. (*See* Dkt. No. 102.)

2       IT IS SO ORDERED.

3  Dated: March 28, 2022

4  _____
KANDIS A. WESTMORE
5  United States Magistrate Judge